IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JAMES CLARK,
    Plaintiff,

v.      Civil Action No. _____

MICHAEL T. VAN DER VEEN,
VAN DER VEEN, HARTSHORN, LEVIN,
& LINDHEIM,
    Defendants

## PLAINTIFF'S ORIGINAL COMPLAINT

This action is brought to recover damages for legal malpractice, breach of contract, breach of fiduciary duty, unjust enrichment, conversion, and fraud. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### JURISDICTION AND VENUE

1. Plaintiff is and was at all times mentioned in this complaint an incarcerated individual at the FCI Danbury facility in Danbury, Connecticut.

2. Defendant Michael T. Van Der Veen is and was at all times mentioned in this complaint a citizen of Pennsylvania and an attorney for Van Der Veen, Harishorn, Levin, & Lindheim, which has its principal offices at Philadelphia, Pennsylvania.

3. Defendant Van Der Veen, Hartshorn, Levin & Lindheim, a law firm having its principal offices at 1219 Spruce Street, Philadelphia, Pennsylvania.

4. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court has jurisdiction of the subject matter of this cause of action pursuant to 28 U.S.C. §1332(a)(1), because of the complete diversity of citizenship between the plaintiff and the defendants and because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### PARTIES

6. Plaintiff, James Clark, is and was at all times mentioned herein, an incarcerated individual at the FCI Danbury facility in Danbury, Connecticut

7. Defendant Michael T. Van Der Veen, is and was at all times mentioned herein, a citizen of the United States and an attorney and/or partner of Defendant Van Der Veen, Hartshorn, Levin, & Lindheim.

-1-

October 28, 2025

James Clark
Reg. No. 36794-066
FCI Danbury
33½ Pembroke Road
Danbury, CT 06811

United States District Court
Clerk's Office
915 Lafayette Boulevard
Bridgeport, CT 06604

RE: Civil Action Commencement

Dear Court Clerk,

    Enclosed please find my civil complaint. I am currently incarcerated at the FCI Danbury facility and therefore I do not have access to the Court's website for forms and documents. I would like to request any additional forms that are required to commence this civil action, including a copy of a summons, motion to proceed in forma pauperis, and waiver of service forms.

    I greatly appreciate your assistance in this matter.

Sincerely,

*James E. Clark*

James Clark

8. Defendant Van Der Veen, Hartshorn, Levin, & Lindheim is and was at all times mentioned herein, a law firm with its principal offices in Philadelphia, Pennsylvania.

9.

## FACTS

9. Plaintiff James Clark is a federal inmate currently serving a federal sentence at the FCI Danbury facility in Danbury, Connecticut.

10. On or about January 17, 2024, the Plaintiff hired Michael Van Der Veen and the law firm of Van Der Veen, Hartshorn, Levin, & Lindheim ("The Firm") to prepare and file a Motion for a Sentence Reduction with the federal court under 18 U.S.C. §3582(c)(1)(a).

11. That on or about January 17, 2024, the parties entered into a "Contract for Legal Representation." (Exhibit 1).

12. That the contract specifically stated that the attorney's fee will be fifteen thousand dollars ($15,000.00).

13. That the contract stated that the attorney's fee "is up to and including a Review and Filing a Motion for Compassionate Release."

14. Upon execution of the contract, the Firm assigned attorney Ken Edelin to the Plaintiff's case.

15. The Firm filed a letter with the Warden of FCI Danbury which requested a compassionate release and/or sentence reduction for the Plaintiff.

16. That the Firm sent that letter, along with a Bureau of Prisons BPA0148 form on or about August 30, 2024.

17. At some time after August 30, 2024, Plaintiff instructed Attorney Edelin to not file a motion until the Third Circuit Court of Appeals issued its decision in United States v. Rutherford, 120 F.4th 360 (3rd Cir. 2024)

18. That due to the Third Circuit's decision in United States v. Rutherford, the Firm did not file a motion for compassionate release and or sentence reduction.

19. That Plaintiff mailed documents, including caselaw, to Attorney Edelin for his review as attorney Edelin was not communicating by telephone with the Plaintiff.

20. That Plaintiff specifically instructed attorney Edelin not to file any documents with the FCI Danbury Warden as the Plaintiff had already submitted those documents to the Warden.

21. That the Defendants did not draft a motion for compassionate release and/or a motion for a sentence reduction.

22. That the Defendants did not provide the Plaintiff with a draft of any proposed motion for a sentence reduction.

23. That the contract between the Plaintiff and Defendants specifically stated that the "fee is up to and including a Review and Filing a Motion for Compassionate Release."

24. That the contract between the Plaintiff and Defendants specifically stated that "My attorney will keep me informed of all anticipated costs and will not expend any significant costs without prior approval.

25. That the contract between the Plaintiff and Defendants specifically stated that the fee would be "for my attorney's best efforts."

26. That the Plaintiff repeatedly requsested, in writing, an itemized billing from the Defendants.

27. That the Defendants refused to provide the Plaintiff with any itemized billing

28. That the Defendants admitted, in writing, that they did not file a motion for compassionate release on behalf of the Plaintiff.

29. That Plaintiff had spoken to attorney Ken Edelin, and attorney employed by the Defendants once since the contract was signed.

30. That the phone call with attorney Edelin was made on a recorded Federal Bureau of Prisons phone at the FCI-Danbury facility.

31. The Plaintiff attempted to call attorney Edelin numerous times, however, attorney Edelin was never available to speak to Plaintiff.

32. That the Defendants terminated attorney Ken Edelin's employment.

33. That the Defendants did not notify the Plaintiff that attorney Edelin had been terminated.

34. That Plaintiff repeatedly requested a partial refund of the contract fee.

35. That the Defendants actions in this matter did not comport with the Professional Rules of Conduct.

36. That the Defendants breached their duty under the contract.

37. That the Defendants failed to follow the specific instructions by Plaintiff.

38. That the Defendants failed to keep accurate records regarding the retainer fee.

39. That the Defendants co-mingled the retainer fee with other clients of the Defendants and Defendants failed to keep an accurate accounting of those monies.

40. As a result of the Defendant's actions and inactions, the Defendant suffered substantial damages.

41. The Defendants have refused to pay the Plaintiff for any unused retainer funds.

42. That the Defendants have failed to return to Plaintiff retainer funds totaling $15,000.00

43. That Defendants breached the contract by not paying Plaintiff the unused retainer funds.

44. That Plaintiff has sustained damages as a result of Defendants' breach of contract in the form of unpaid return of retainer funds.

COUNT 1 - Breach of Contract

Defendants: Michael T. Van Der Veen; Van Der Veen, Harshorn, Levin & Lindheim

45. Plaintiff realleges and incorporates here by reference the allegations above in paragraghs 6-44.

46. The Agreement between the Plaintiff and the Defendants is a valid and enforceable agreement and Plaintiff has honored his obligations underthe agreement.

47. That the Defendants retaining of funds not earned is in direct violation of the contract and the laws of Pennsylvania.

48. That Defendants breached the contract by not fulfilling their explicit obligations under the contract.

49. Plaintiff has demanded that the defendants fulfill their obligations under the contract, but the Defendants have failed and refused to do so.

WHEREFORE, Plaintiff seeks damages against Defendants Michael T. Van Der Veen and Van Der Veen, Hartshorn, Levin & Lindheim, and each of them, jointly and severally as follows:

A. Compensatory Damages of $15,000.00
B. Punitive Damages of $45,000.00
C. For the costs of this action;
D. For pre-judgment and post-judgment interest as allowed by law;
E. For any other and further relief that the Court may deem just and proper.

COUNT 2 - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Defendants: Michael T. Van Der Veen; Van Der Veen, Hartshorn, Levin & Lindheim

50. Plaintiff realleges and incorporates here by reference the allegations above in paragraphs 6-49.

51. That Van Der Deen, Hartshorn, Levin & Lindheim and Michael T. Van Der Veen have breached Van Der Veen, Hartshorn, Levin and Lindheim's covenants of good faith and fair dealing by refusing to abide by the terms of the contract and agreement with Plaintiff. Specifically, but without limitation, the Defendants accepted a retainer fee from the Plaintiff and Defendants failed to properly account for that retainer fee; the Defendants failed to pay Plaintiff the unused portion of that retainer fee; and the Defendants failed to fulfill their obligations that would entitle them to the retainer fee.

52. That Plaintiff had, and continues to have, a right to rely on, and did rely, on Defendants express and implied covenants that it would act reasonably and fairly with respect to carrying out their duties under the Retainer Agreement.

53. Defendants have breached these duties as described more particularly here, and Plaintiff has been damaged as a result described here.

WHEREFORE, Plaintiff seeks damages against Defendants Michael T. Van Der Veen and Van Der Veen, Hartshorn, Levin & Lindheim, and each of them, jointly and severally as follows:

A. Compensatory Damages of $15,000.00
B. Punitive Damages of $45,000.00
C. For the costs of this action;
D. For pre-judgment and post-judgment interest as allowed by law;
E. For any other and further relief that the Court deems just and proper.

COUNT 3 - FRAUD

Defendants Michael T. Van Der Veen; Van Der Veen, Hartshorn, Levin & Lindheim

54. Plaintiff realleges and incorporates here by reference the allegations above in paragraphs 6-53.

55. That Plaintiff had a right to rely on the Defendants' representations that:

  a. That the defendants would review and file a motion for compassionate release.

  b. That the retainer fee would be properly accounted for by Defendants

   c. That Defendants would provide Plaintiff with a detailed billing for the retainer fee.

   d. That the Defendants would keep Plaintiff informed of all anticipated costs and will not expend any significant costs without Plaintiff's approval.

   e. That the retainer fee was for the Defendants "best effort."

   f. That Plaintiff would be entitled to any unused portion of the retainer fee

56. As a result of Defendants fraudulent misrepresentations and other actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff seeks damages against Defendants Michael T. Van Der Veen and Van Der Veen, Hartshorn, Levin & Lindheim, and each of them, jointly and severally as follows:

A. Compensatory Damages of $15,000.00
B. Punitive Damages of $45,000.00
C. For the costs of this action;
D. For pre-judgment and post-judgment interest as allowed by law;
E. For any other and further relief that the Court deems just and proper.

COUNT 4 - Unjust Enrichment

Defendants Michael T. Van Der Veen; Van Der Veen, Hartshorn, Levin & Lindheim

57. The Defendants were benefitted by retaining the unearned and unused portion of the retainer fee

58. The Defendants unjustly did not pay the Plaintiff the benefit of the unused and unearned retainer fee.

59. That the Defendants refusal to pay the unused portion of the retainer fee was to the Plaintiff's detriment.

WHEREFORE, Plaintiff seeks damages against Defendants Michael T. Van Der Veen and Van Der Veen, Hartshorn, Levin & Lindheim, and each of them, jointly and severally as follows:

A. Compensatory Damages of $15,000.00
B. Punitive Damages of $45,000.00
C. For the costs of this action;
D. For pre-judgment and post-judgment interest as allowed by law;
E. For any other and further relief that the Court deems just and proper.

COUNT 5 - Conversion

Defendants Michael T. Van Der Veen; Van Der Veen, Hartshorn, Levin & Lindheim

60. That Defendants intentionally and without authority, assumed control of the unused retainer funds owed to Plaintiff.

61. That Plaintiff had a possessory right or interest in the unused retainer funds.

62. That the Defendants dominion over the unused retainer funds or interference with it, in derogation of Plaintiff's rights.

63. That Defendants excluded Plaintiff from exercising his right to the unused retainer funds.

WHEREFORE, Plaintiff seeks damages against Defendants Michael T. Van Der Veen and Van Der Veen, Hartshorn, Levin & Lindheim, and each of them, jointly and severally as follows:

A. Compensatory Damages of $30,000
B. Punitive Damages of $30,000
C. For the costs of this action;
D. For pre-judgment and post-judgment interest as allowed by law;
E. For any other and further relief that the Court deems just and proper.

COUNT 6 - Legal Malpractice

Defendants: Michael T. Van Der Veen; Van Der Veen, Hartshorn, Levin & Lindheim

64. Plaintiff realleges and incorporates here by reference the allegations above in paragraphs 6-63.

65. That an attorney-client relationship existed between the Plaintiff and the Defendants, which created a duty of care owed to Plaintiff.

66. That the Defendants breached that duty by, without limitation, failing to file a Motion for a Sentence Reduction on behalf of the Plaintiff and by failing to return any unused retainer fee funds to the Plaintiff; and by failing to properly communicate with Plaintiff regarding the motion and the unused retainer fee funds.

67. That the Defendants breach of that duty was the proximate cause of the Plaintiff's damages.

68. That Plaintiff incurred damages by the Defendants breach of their duty, including but not limited to, loss of the unused retainer funds and inability to obtain a sentence reduction.

WHEREFORE, Plaintiff seeks damages against Defendants Michael T. Van Der Veen and Van Der Veen, Hartshorn, Levin & Lindheim, and each of them, jointly and severally as follows:

A. Compensatory Damages of $15,000.00
B. Punitive Damages of $45,000.00
C. For the costs of this action;
D. For pre-judgment and post-judgment interest as allowed by law;
E. For any other and further relief that the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully Submitted,

*James E. Clark* (signature)
James Clark
Reg. No. 36794-066
FCI Danbury
33½ Pembroke Road
Danbury, CT 06811

EXHIBIT 1

## CONTRACT FOR LEGAL REPRESENTATION

VAN DER VEEN
HARTSHORN & LEVIN

I, Doreen Clark, do hereby constitute and appoint van der Veen, Hartshorn & Levin as my attorneys to represent James Clark for a matter arising in Philadelphia County, PA.

I agree that the attorney's fee will be: Fifteen Thousand dollars ($15,000.00) for representation in this matter. This fee is up to and including a Review and Filing a Motion for Compassionate Release. I understand that if additional representation is required an additional fee will be discussed at a later date.

I understand that $1,500 paid on January 12, 2024, will be credited to this contract, and I agree to pay $6,000 by today, and the remaining balance of $7,500 in two (2) months on March 16, 2024.

I understand that I am responsible for any additional costs for Investigators, Expert Witnesses, stenographer costs, or any other costs associated with the defense of this case. I also acknowledge that I am responsible for any court costs, fines, or restitution which may be imposed should I be convicted of a crime. My attorney will keep me informed of all anticipated costs and will not expend any significant costs without prior approval.

I acknowledge that this fee will be for my attorney's best efforts and does not constitute a guarantee of any disposition. I understand that any and all payments made to my attorney are earned on receipt and will be immediately deposited into an operating account.

Signed: *DocuSigned by: Doreen Sitarek* — 31CFED3CE72446F...

Dated: January 17, 2024

1219 Spruce Street, Philadelphia PA 19107   (215) 546-1000   mtvlaw.com

FCI Danbury
James Clark #36794-066
33½ Pembroke Road
Danbury, CT 06811



United States District Court
Clerk's Office
915 Lafayette Boulevard
Bridgeport, CT 06604